UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff, Case No. 25-cr-20864
Hon. Matthew F. Leitman

v.

JOSHUA SHINHOLSTER,

Defendant.
______________________________________________________________/

**CRIMINAL TRIAL NOTICE AND SCHEDULING ORDER**

The purpose of this Order is to:

1. Provide for Discovery and Inspection of Documents;
2. Establish a Plea Cut-Off Date;
3. Establish a Motion Cut-off Date;
4. Set Guidelines for Other Pretrial Matters; and
5. Set a Trial Date and Final Pretrial Conference.

This Order is also intended to eliminate unnecessary discovery motions and to expedite the presentation of evidence and the examination of witnesses. To the extent it is in conflict with any administrative order or Local Rule in this District, this Order shall govern.

| **EVENT** | **DEADLINE** |
|---|---|
| Motion Cut-off (except for motions *in limine*) | December 11, 2025 |
| Plea Cut-off (Rule 11 Plea Agreement must be submitted to the Court at least 3 days prior to the plea hearing) | December 29, 2025<br>(The parties shall contact the Court to schedule a plea hearing in advance of the plea cut-off date) |
| Witness Lists, Proposed Voir Dire, Proposed Jury Instructions and Proposed Verdict Form (submitted directly to chambers) | 1 week before FPTC |
| Motions *in Limine* and Notice of Intent to Contest Foundation, Chain of Custody, or Scientific Analysis | 1 week before FPTC |
| Expert Disclosures | Not less than 30 days before trial |
| Final Pretrial Conference | January 6, 2026, at 2:00 p.m. |
| Trial Date | January 20, 2026, at 9:00 a.m. |

**ATTORNEY CONFERENCE AND DISCLOSURE**

Within ten (10) days of the date of arraignment, government and defense counsel shall meet and confer for the purpose of resolving or minimizing the issues in controversy, or government counsel shall file the Discovery Notice attached to E.D. Mich. Administrative Order No. 03-AO-027.

Upon the request of defense counsel, government counsel shall:

A. Provide defense counsel with the information described in Federal Rule of Criminal Procedure 16(a)(1); and

B. Permit defense counsel to inspect and copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady*

*v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972).

**CONTINUING DUTY**

The duty of disclosure and discovery described in this Order is continuing.

**DISCLOSURE DECLINED**

If, in the judgment of government counsel, it would be detrimental to the government's interests to make any of the disclosures set forth above, the government shall file a motion within the ten-day period seeking relief from this Order and setting forth the specific reasons therefore.

**DISCOVERY BY THE GOVERNMENT**

Nothing in these procedures is designed to preclude discovery by the government under the Federal Rules of Criminal Procedure, nor to alter the Defendant's obligation, if any, under Rule 16(b).

**EARLY DISCLOSURE OF *JENCKS* MATERIAL**

The Court urges the government to disclose *Jencks* Act (18 U.S.C. § 3500) materials well in advance of the trial. In the event that some *Jencks* Act materials are not disclosed sufficiently in advance of a government witness' testimony, the Court will allow a reasonable amount of additional time during trial for the defense to prepare before proceeding.

**PRE-TRIAL MOTIONS**

1. Before any pre-trial motion is filed, compliance with Local Criminal Rule 12.1 must be observed.

2. Attorneys shall furnish to chambers courtesy copies of **all** motions and briefs must be sent to the chambers via First-Class Mail the same day the document is e-filed, or hand-delivered not later than the next business day after the document is e-filed. The courtesy copy should consist of the actual e-filed document and contain the electronic file stamp on the top of each page. Motion papers may be bound in any manner other than a prong fastener. The Court **will not** accept documents loosely secured with a rubber band or binder clip. Exhibits must be labeled and may be printed on both sides of the paper. Relevant portions of exhibits must be highlighted.

Along with the courtesy copy, the filing party must include copies of the main cases and other authority that support its legal position(s). The filing party must highlight the relevant portion(s) of these authorities. Counsel are encouraged, but not required, to include these authorities in a separate binder with a table of contents.

**EXHIBITS**

1. **List of Exhibits and Agreement as to Admissibility:** A list of proposed exhibits shall be submitted directly to chambers by each of the parties by the deadline established at the Final Pretrial Conference. No later than one (1) week

before the Final Pretrial Conference, each party shall make available for inspection all exhibits that party will introduce at trial. Counsel are urged to make reasonable efforts to reach agreement concerning the admissibility of each intended exhibit prior to trial. In the event such agreement is reached, government counsel shall prepare a list of the stipulated exhibits for entry at the opening of trial, and the Court will admit these exhibits at the outset.

2. **Marking of Exhibits:** Counsel are required to mark all proposed exhibits in advance of trial. Use the traditional "Government's Exhibit ___" (yellow) and "Defendant's Exhibit ___" (blue) stickers. The government's exhibits shall use numbers and defendant's exhibits shall use letters. A consecutive numbering and lettering system should be used by each party.

3. **Foundation Issues and Motions *in Limine*:** Motions *in limine* and any notices of intent to contest **foundation**, chain of custody, or scientific analysis shall be filed at least seven (7) days before the Final Pretrial Conference. Unless the items or exhibits are unusually voluminous, any notice of intent to contest foundation, chain of custody, or scientific analysis shall provide a brief item-by-item or exhibit-by-exhibit description of the good faith basis for any objection. A party who fails to comply with this provision may be precluded from objecting to the introduction of evidence at trial.

4. **Objections to Exhibits:** These guidelines shall not affect the right of a party to object at the time of trial to the introduction of an exhibit other than on the basis of authentication and foundation.

5. **Custody and Record of Admitted Exhibits:** Counsel are required to maintain a record of all admitted exhibits during trial. Counsel for each party must keep custody of that party's admitted exhibits during trial. A party who objects to this provision must file a written objection prior to jury selection.

6. **Presentation of Exhibits During Trial:** The Court encourages parties to use electronic projection to present exhibits during trial in a manner that allows the jury, court, attorneys, and parties to view the exhibit simultaneously. Each party must prepare exhibit books for the court and the court reporter. Additionally, an exhibit book should be prepared and made available to any witness who will be questioned about an exhibit, even if counsel intends to present that exhibit via electronic projection.

7. **Preparing Exhibits for Jury Deliberation:** Prior to the jury starting deliberations, counsel must confer and create one set of binders that contains all exhibits admitted during the course of trial. Exhibits not admitted at trial should not be included in this binder. Originals of all exhibits admitted at trial should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

8. **Filing Exhibits:** It is the responsibility of the parties to ensure that the record is complete. All trial exhibits, briefs, and proposed jury instructions are to be filed in the record within five business days of the verdict.

9. **Full Disclosure:** Computer-generated visual or animated evidence, together with underlying data, must be disclosed to opposing counsel at least one week before the start of trial.

**WITNESS LIST AND TESTIMONY**

By the deadline established in the Scheduling Order, to enable the Court to better estimate the length of trial, each party shall submit directly to chambers a list of witnesses by name and agency (if appropriate) whom the party reasonably anticipates it will call to testify at trial, noting the approximate amount of time it anticipates will be needed for examination of each such witness.

**JURY INSTRUCTIONS**

The parties must meet and confer prior to the Final Pretrial Conference to discuss jury instructions. The parties should make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement on a single stipulated set of final instructions.

By the deadline established in the Scheduling Order, the parties must submit directly to chambers the following under **separate** tabs:

a. A complete, single set of the proposed final jury instructions on which the parties have reached agreement. The Court expects the parties to use the Sixth Circuit's pattern instructions where applicable; and

b. Any proposed instructions on which there is a disagreement. For each such instruction, the party proposing the instruction should include the instruction and the authority supporting the instruction. The party opposing the instruction should include (1) an alternate instruction and/or (2) a concise statement explaining its objection to the proposed instruction, and the authority upon which it relies.

All instructions are to be submitted in typewritten form (double spaced) and on computer disk compatible with Microsoft Word; each instruction shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"); and each instruction shall be on a separate page.

**JURY SELECTION**

If more than twelve (12) jurors are selected, the Court prefers that alternate jurors be removed by or at the conclusion of the final jury instructions, unless a party objects to this process at or before the Final Pretrial Conference. If objections are made, the last juror(s) drawn during the selection process shall be deemed the alternate juror(s).

The Court will conduct the initial voir dire. Counsel may be permitted to ask follow-up questions to prospective jurors. In such instances, counsel must confine themselves to true voir dire and not engage in posturing or argument.

**MULTI-DEFENDANT OR MEGA TRIALS**

The Court does not have a separate procedure for handling multi-defendant "mega trials." For multi-defendant trials the Court encourages attorneys to work out a procedure for peremptory challenges among themselves. In such trials, if counsel cannot agree among themselves, the Court will allocate peremptory challenges depending on the circumstances of the case.

**TRIAL BRIEFS**

The Court encourages, but does not require, the submission of a trial brief. If a trial brief is submitted, it should, among other things, inform the court about the party's proposed resolution of anticipated evidentiary issues.

**BENCH TRIAL**

In bench trials, proposed findings of fact and conclusions of law must be submitted one week before the commencement of trial.

**FINAL PRETRIAL CONFERENCE**

At the Final Pretrial Conference, counsel must be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to: (1) A potential summary of charges to be read to the jury; (2) Anticipated evidentiary

issues; (3) Length of trial; (4) Stipulations that may obviate the need for foundation witnesses; (5) Stipulations that may obviate the need to prove facts that are uncontested; (6) Stipulations that may obviate the need for certain exhibits; (7) Peremptory challenges; and (8) Special arrangements for the presentation of witnesses and other evidence (e.g., A/V needs, interpreters, etc.). The defendant(s) shall be present at the Conference.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 24, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 24, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126