**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

***Plaintiff,***

v.

**CASE NO. 2:25-cr-20864**
**HON. MATTHEW F. LEITMAN**

**JOSHUA SHINHOLSTER,**

***Defendant.***

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

**NOW COMES** Defendant, JOSHUA SHINHOLSTER, by and through undersigned counsel, and hereby moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure 16(1)(a)(1)(A) through (G) and *Brady v. Maryland*, 373 US 83 (1963), to compel the Government to provide the following discovery items:

1) The September 2025 search warrant authorizing the search of the cell phone of "Subject-1", who was investigated prior to the investigation of Mr. Shinholster and who is alleged to have communicated with Mr. Shinholster.
2) The identity of "Subject 1";

3) All information extracted from the iPhone 15 Pro Max, iPad Air 4 Tablet, iPhone 16e, and Cyberpower computer seized on October 28, 2025 during the search of Mr. Shinholster's residence at 51074 Mott Road, Trailer 216, Canton, Michigan 48188, and all reports generated from the above extractions; and

4) All information related to Mr. Shinholster's Discord social media account.

For reasons explained in the attached Brief, Defendant, **JOSHUA SHINHOLSTER** respectfully requests that this Honorable Court GRANT this **MOTION TO COMPEL DISCOVERY**.

Respectfully Submitted,

NOT GUILTY LAW, PLLC

/s/ *Mohammed Nasser*
Mohammed Nasser (P74485)
Attorney for Defendant
290 Town Center Drive, Suite 322
Dearborn, Michigan 48126
(313) 633-1436

Dated: March 31, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

***Plaintiff,***

v.

**CASE NO. 2:25-cr-20864**
**HON. MATTHEW F. LEITMAN**

**JOSHUA SHINHOLSTER,**

***Defendant.***

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY**

**NOW COMES** Defendant JOSHUA SHINHOLSTER, by and through undersigned counsel, and hereby moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure 16(1)(a)(1)(A) through (G) and *Brady v. Maryland*, 373 US 83 (1963), to compel discovery.

## I. INTRODUCTION

Mr. Shinholster is charged with Receipt of Child Pornography and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). As part of this case, the Government has taken possession of multiple items. Mr. Shinholster moves to compel the following discovery:

1) The September 2025 search warrant authorizing the search of the cell phone of "Subject-1", who was investigated prior to the investigation of Mr. Shinholster and who is alleged to have communicated with Mr. Shinholster.
2) The identity of "Subject 1";
3) All information extracted from the iPhone 15 Pro Max, iPad Air 4 Tablet, iPhone 16e, and Cyberpower computer seized on October 28, 2025 during the search of Mr. Shinholster's residence at 51074 Mott Road, Trailer 216, Canton, Michigan 48188, and all reports generated from the above extractions; and
4) All information related to Mr. Shinholster's Discord social media account.

## II. LEGAL GROUNDS FOR COMPELLING DISCOVERY

Federal Rules of Criminal Procedure 16(a)(1)(A) through (G) requires the Government to disclose multiple forms of discovery upon the Defendant's request, especially if that discovery item is within the Government's "possession, custody, or control" and if it is "material to preparing the defense" or "if the Government intends to use the item in its case-in-chief at trial."[1]

"A prosecutor's suppression of requested evidence violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v Maryland,* 373 US 83, 87 (1963). "A

[1] See Rule 16(a)(1)(E), regarding documents and objects.

*Brady* violation also occurs when the government fails to turn over even evidence that is 'known only to police investigators and not to the prosecutor.'" *Youngblood v West Virginia,* 547 US 867, 869; 126 S Ct 2188; 165 L Ed 2d 269 (2006), citing *Kyles v Whitley*, 514 US 419, 434; 115 S Ct 1555; 131 L Ed 2d 490 (1995). "The ruling in *Brady* extends to both exculpatory and impeachment evidence." *Youngblood v West Virginia, supra*, citing *United States v Bagley*, 473 US 667; 105 S Ct 3375; 87 L Ed 2d 481 (1985).

## III. ARGUMENT

All of the items and information listed above are in the possession of the Government and are thus discoverable under Rule 16. The above items are material in preparing the defense as follows:

1) The validity and veracity of the September 2025 search warrant authorizing the search of Subject-1's phone is material in determining the legality of the October 28, 2025 search of Mr. Shinholster's home and other items listed in the second search warrant.
2) The identity of Subject-1 is material in determining the veracity of Subject-1's statements and the search warrant authorizing the search of Mr. Shinholster's home and other listed items.
3) On the morning of October 28, 2025, the Government was accessed all of the electronic devices seized during the search, and officers told Mr.

Shinholster the devices were hooked up to "the box." Obtaining these extractions and related reports is vital in determining the nature of the evidence for or against Mr. Shinholster and whether it is relevant for use at trial.

4) After Mr. Shinholster was seized, officers accessed his Discord account. During the interview of Mr. Shinholster on October 28, 2025, officers alleged that additional pornography was on his Discord account. The nature of the pornography is unknown but the Government voiced its possession. As with the electronic extractions, obtaining this Discord account information is vital in determining the nature of the evidence for or against Mr. Shinholster as well as whether it is relevant for use at trial.

With the evidentiary and material value of these items laid before the Court, and with due process requiring the release of this material discovery, this Court must compel the Government to provide these listed items.

## IV. CONCLUSION

Federal Rules of Criminal Procedure 16(a)(1)(A) through (G) requires the Government to disclose multiple forms of discovery upon the Defendant's request. We now demand that the Government abides by these rules.

**WHEREFORE**, Defendant, **JOSHUA SHINHOLSTER**, respectfully requests that this Honorable Court **GRANT** the **DEFENDANT'S MOTION TO COMPEL DISCOVERY.**

Respectfully Submitted,

NOT GUILTY LAW, PLLC

/s/ *Mohammed Nasser*
Mohammed Nasser (P74485)
Attorney for Defendant
290 Town Center Drive, Suite 322
Dearborn, Michigan 48126
(313) 633-1436

Dated: March 31, 2026