PS8
(01/24)

# United States District Court
for the
**Eastern District of Michigan**

U.S.A. vs. **Joshua Shinholster** Docket No. **25-cr-20864-01**

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Devin Jackson, Pretrial Services Officer, presenting an official report on defendant Joshua Shinholster, who was placed under pretrial release supervision on a $10,000.00 unsecured bond by United States District Judge Bernard A. Friedman, sitting in the court at Detroit, Michigan, on November 4, 2025, under the following conditions:

1. Report as directed to Pretrial Services Agency (PSA).
2. Surrender any passport, enhanced identification, or international travel documents immediately as directed by Pretrial Services.
3. Not obtain a passport, enhanced identification, or any international travel documents.
4. Travel is restricted to the Eastern District of Michigan unless prior consent is received from PSA or the Court.
5. Avoid all contact, directly or indirectly with any victims or witnesses.
6. Obtain medical or mental health treatment as directed by the supervising officer.
7. Not possess a firearm, destructive device, or other dangerous weapons.
8. Surrender any Concealed Pistol License (CPL) to the supervising officer within 48 hours of release.
9. Participate in location monitoring program with GPS and Home Detention.
10. Must pay all or part of the cost of the program, including equipment loss or damage, based upon your ability to pay as the pretrial services office or supervising officer determines.
11. The defendant is permitted the use of a computer and/or internet connected device. The defendant agrees to participate in the computer and/or internet restriction/monitoring program and will abide by all rules and requirements of the program. The defendant will permit Pretrial Services or supervising officer to configure, manage, and install monitoring software on all approved computers and/or internet connected devices, which will require the search of computer software and hardware. The defendant's use and access to computers and/or internet connected device(s) is limited to those that can be configured, managed, and monitored by Pretrial Services or supervising officer. The defendant will be responsible for the cost of the computer and/or internet monitoring software, based on their ability to pay, as determined by the Pretrial Services Agency or supervising officer.
12. Permitted the use of a computer and/or internet for employment purposes only. Any computer or internet connected device must be monitored by either the defendant's employer, or by Pretrial Services or supervising officer as noted in condition (z). The

defendant is required to notify their employer of the allegations contained in the charging document and the requirement that their computer and/or internet usage be monitored. The defendant must provide verification to Pretrial Services or supervising officer that any computer and/or internet connected device is monitored as noted above.

13. Agree not to obtain, view, or possess any sexually explicit, sexually graphic, or erotic materials including images, movies, and print material in any form.
14. Agree not to have contact, either telephonically, verbally, virtually or through written material, or through any third party with the victim or any of the victim's immediate family members.
15. Agree to have no unsupervised contact with minor children under the age of eighteen (18), and not to reside in any household where the victim(s) or minor children live, and not to obtain employment or participate in any volunteer activity during which there is unsupervised contact with minors under the age of eighteen (18).
16. Unless prohibited by another Judicial Officer, the defendant may have supervised contact with his/her minor children.
17. Agree not to visit any areas within 100 yards of any school, day care center, park, or other place where children congregate.
18. Agree to only reside in a residence approved, in advance, by the pretrial services office or supervising officer. Any changes in the residence must be pre-approved by the pretrial services office or supervising officer.
19. Agree to participate in treatment for specialized services as directed by the pretrial services office or supervising officer and pay all or part of the cost based on your ability to pay as the pretrial services office or supervising officer determines.
20. Will not patronize or be in or around places where sexually explicit materials or stimuli are available.
21. The defendant is not allowed to obtain or participate in DJ self-employment opportunities.
22. Defendant must reside at his mother's address.

On November 21, 2025, the defendant appeared in court before United States Magistrate Judge Anthony P. Patti for an Arraignment on an Indictment, citing of violation of Count 1: Title 18 U.S.C. § 2252A(a)(2) - Receipt of Child Pornography, and Count 2: Title 18 U.S.C. § 2252A(a)(2) - Distribution of Child Pornography. Bond was continued.

On May 4, 2026, the defendant appeared before Your Honor for a Plea Hearing. A plea of guilty entered as to Count 1 of the Indictment. Bond was continued. The defendant is scheduled to appear before Your Honor for Sentencing set for September 24, 2026, at 10 AM.

**Respectfully presenting petition for action of court and for cause as follows**:

At the time of the defendant’s release on bond, he was ordered not to possess any sexually explicit, sexually graphic, or erotic materials including images, movies, and print material in any form. In addition, to comply with the computer and internet monitoring and restriction

conditions, the defendant obtained a cellular device, and Pretrial Services computer and internet monitoring software was installed on that device.

On May 13, 2026, Pretrial Services became aware, via computer monitoring technology, that the defendant was in possession of sexually explicit images and videos. A review of the information revealed several instances of the defendant sending pictures of his penis to women, instances of of the defendant engaging in sexual intercourse with women, and instances of women sending nude pictures and videos of themselves to the defendant.

On May 14, 2026, the defendant reported to the office and this writer addressed the violation behavior. The defendant was informed of the sexual material that was observed on his monitored device. The defendant was informed that concern was not his engaging in prosocial romantic and sexual relationships, rather, it was his possession of sexually explicit, graphic, and erotic material, which is in direct violation of his bond conditions. The defendant stated he understood and he agreed to cease this behavior.

On September 2, 2026, Pretrial Services became aware, via computer monitoring technology, that the defendant was once again in possession of sexually explicit images and videos - identical to the behavior noted above. A review of the defendant's computer monitoring revealed instances of the defendant sending pictures of his penis to women, instances of the defendant engaging in sexual intercourse with women, and instances of women sending nude pictures and videos of themselves to the defendant. Furthermore, the defendant was observed viewing some of the same sexual material that Pretrial Services previously addressed with him. The defendant's computer monitoring data indicates that the defendant has made no attempt to refrain from engaging in this behavior as his viewing of these images and videos is persistent and ongoing.

In response to the defendant's behavior, Pretrial Services instructed the defendant to cease the above-noted behavior and has continued to monitor the defendant's internet usage on his cell phone. Pretrial Services believes the defendant engaged in behavior that constitutes a violation of his bond by possessing and viewing sexually explicit, sexually graphic, and erotic materials. The defendant previously acknowledged participating in this noncompliant behavior and was given a verbal warning. He has subsequently failed to refrain or interrupt this pattern of behavior despite being instructed to do so. This conduct is indicative of a disregard for his bond conditions that are in place to reduce his risk of harm to the community. Pretrial Services believes the defendant's behavior presents a reasonably foreseeable risk of danger to the community and respectfully recommends a bond violation hearing be scheduled.

Pretrial Services has notified Assistant United States Attorney, Stephen Carr, and defense counsel, Mohammed Nasser, of the request for bond modification. There is no opposition from either party.

**PRAYING THAT THE COURT WILL ORDER a Bond Review Hearing to be held on Wednesday, September 9, 2026, at 1:00 p.m. so that Joshua Shinholster can answer as to the above noted violation.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 3, 2026
Respectfully,
/s/ Devin Jackson
Senior U.S. Pretrial Services Officer
Place: Detroit, Michigan
Date: September 3, 2026

**THE COURT ORDERS:**

[ ] No Action

[ ] Modification of Pretrial Conditions as Requested

[ X] Bond Review Hearing and defendant to appear before the Judge assigned to the case on September 9, 2026, at 1:00 p.m.

[ ] The Issuance of a Warrant [check one]

[ ] Defendant to appear before the Judge assigned to the case for purposes of bond determination and Defendant temporarily detained pending hearing

[ ] Defendant to appear before the Duty Magistrate Judge for purposes of bond determination

[ ] The incorporation of the violation (s) contained in this petition with the other violations pending before the Court.

[ ] Other

ORDER OF COURT

Considered and ordered this 3rd day of September, 2026, and ordered filed and made a part of the records in the above case.

s/Matthew F. Leitman
Matthew F. Leitman
United States District Court Judge